UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY COOPER,

    Petitioner,

v.                                                   Civil Action Number: 2:06-cv-11068
                                                     Honorable Denise Page Hood

BLAINE LAFLER,

    Respondent.

_____/

**OPINION AND ORDER ON REMAND FROM
THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

This 28 U.S.C. § 2254 matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner Anthony Cooper was charged under Michigan law with assault with intent to murder and three other offenses. The prosecution offered to dismiss two of the charges and to recommend a fifty-one to eighty-five-month sentence on the other two, in exchange for a guilty plea. In a communication with the trial court, Petitioner admitted his guilt and expressed a willingness to accept the offer. However, after his attorney convinced him that the prosecution would be unable to establish intent to murder because the victim had been shot below the waist, Petitioner rejected the offer. At trial, Petitioner was convicted on all counts and received a sentence of 185 to 360 months. The state courts rejected his claim that his attorney's advice to reject the plea constituted ineffective assistance of counsel and affirmed his convictions.

Petitioner renewed his claim in a federal habeas action filed with this Court. On March 26, 2009, the Court granted a conditional writ of habeas corpus to Petitioner, finding that defense counsel was ineffective, because in relying on counsel's advice and rejecting

the plea, Petitioner went to trial and received a much higher sentence. *Cooper v. Lafler*, No. 06-11068, 2009 WL 817712, at *10 (E.D. Mich. Mar. 26, 2009). The Court concluded that Petitioner was entitled to specific performance of the plea, "for a minimum sentence in the range of fifty-one to eighty-five months." *Id.* at *9.

On May 11, 2010, the Sixth Circuit affirmed the Court's opinion and order, finding that the state courts' decisions rejecting Petitioner's argument was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Cooper v. Lafler*, 376 F. App'x 563, 570-73 (6th Cir. 2010). The Sixth Circuit concluded that this Court's terms of the conditional writ were reasonable. *Id.*

The State appealed the Sixth Circuit's decision to the United States Supreme Court, which granted certiorari, *Lafler v. Cooper*, --- U.S. ---, 131 S.Ct. 856 (2011), and, on March 21, 2012, vacated the judgment, *Lafler v. Cooper*, --- U.S. ---, ---,132 S.Ct. 1376, 1384 (2012). The Supreme Court considered the proper application of *Strickland* when a defendant claims that the ineffective assistance of counsel resulted in his refusing a plea offer and a subsequent conviction at trial. *Id.* It divided its opinion into two parts.

The Supreme Court first considered whether the rejection of a plea offer, after a fair trial, could satisfy the *Strickland's* prejudice requirement and affirmed the Sixth Court's decision. *Cooper*, --- U.S. at ---, 132 S.Ct. at 1385. It concluded that a fair trial does not erase a deficient performance by defense counsel during plea bargaining because "criminal justice today is for the most part a system of pleas, not a system of trials." *Id.*, --- U.S. at ---, 132 S.Ct. at 1388. Second, the Supreme Court, however, vacated the Sixth Circuit's decision because it affirmed this Court's remedy to provide specific performance of the plea to Petitioner. *Id.*, --- U.S. at ---, 132 S.Ct. at 1391. Rather, the Supreme Court found that

the correct remedy is "to order the State to re[-]offer the plea agreement." *Id.* That remedy would then permit the trial court to use its discretion to determine the appropriate sentence. *Id.*, --- U.S. at ---, 132 S.Ct. at 1389. It stated:

> As a remedy, the District Court ordered specific performance of the original plea agreement. The correct remedy in these circumstances, however, is to order the State to re[-]offer the plea agreement. Presuming respondent accepts the offer, the state trial court can then exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed. Today's decision leaves open to the trial court how best to exercise that discretion in all the circumstances of the case.

*Id.*, --- U.S. at ---, 132 S.Ct. at 1391 (citation omitted). The Supreme Court then remanded the case to the Sixth Circuit, which in turn remanded the case to this Court for further proceedings consistent with the Supreme Court's opinion. See Order from U.S. Court of Appeals, ECF No. 34. The Court now complies with the Sixth Circuit's order in its remand.

Accordingly, IT IS HEREBY ORDERED that the Court's decision in this case is vacated and the State is ORDERED to re-offer the plea agreement to Petitioner, consistent with the United States Supreme Court's decision, within ninety days from the date of this order. If Petitioner accepts the offer, the trial court then can "exercise its discretion in determining whether to vacate the convictions and resentence [Petitioner] pursuant to the

3

plea agreement, to vacate only some of the convictions and resentence [Petitioner] accordingly, or to leave the convictions and sentence from trial undisturbed." *Cooper*, --- U.S. at ---, 132 S.Ct. at 1391.

    IT IS SO ORDERED.


Dated: July 26, 2012        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 26, 2012, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager